J-S75023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BENSON EDWARDS | : | |
| | : | |
| Appellant | : | No. 828 WDA 2019 |

Appeal from the PCRA Order Entered May 13, 2019,
in the Court of Common Pleas of Westmoreland County,
Criminal Division at No(s):  CP-65-CR-0001847-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                FILED FEBRUARY 18, 2020

Robert Benson Edwards appeals pro se from the order denying as untimely his second petition filed under the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

In denying Edwards' first PCRA petition, we summarized the pertinent facts and procedural history as follows:

In 2016, [Edwards] robbed a jewelry store after threatening the owner with intimations that he had a gun. He was charged with the following crimes:  (1) one count of first-degree felony robbery in violation of 18 Pa.C.S. § 3701(a)(1)(ii); (2) one count of third-degree felony theft in violation of 18 Pa.C.S. 3921(a); (3) two counts of third-degree felony receiving stolen property in violation of 18 Pa.C.S. § 3925; and (4) one count of second-degree misdemeanor simple assault in violation of 18 Pa.C.S. §

_____

[*] Retired Senior Judge assigned to the Superior Court.

2701(a)(3). The maximum aggregate sentence a defendant can receive for these crimes is 43 years.

On August 2, 2016, [Edwards] and the Commonwealth entered into a negotiated plea agreement. In exchange for [Edwards'] guilty plea, the Commonwealth agreed to nolle pros the simple assault and theft charges, and to reduce the robbery charge to a second-degree felony. [Edwards] and the Commonwealth agreed that [Edwards] would plead guilty to one count of robbery pursuant to 18 Pa.C.S. § 3701(a)(1)(iv), for which [Edwards] would receive a sentence of 4 to 20 years' incarceration, and two counts of receiving stolen property, for which [Edwards] would receive a sentence at each count of 2 to 7 years' incarceration to be served concurrently with the sentence for robbery. [Edwards] pled guilty, and the trial court sentenced [Edwards] in accordance with the plea agreement. [Edwards] did not file a post-sentence motion or a direct appeal.

By order entered August 15, 2016, which was within the timeframe permitted by 42 Pa.C.S. § 5505 (regarding modification of orders within 30 days after its entry and prior to the filing of an appeal), the trial court amended its sentencing order and reduced [Edwards'] maximum sentence for the robbery count from 20 to 10 years. The trial court explained in the order that the amendment was "necessary because [the robbery count] is a felony of the second degree, carrying a maximum legal sentence [ten] years."

Commonwealth v. Edwards, 195 A.3d 1034 (Pa. Super. 2018), unpublished memorandum at 1-2 (citation to record omitted).

We further summarized Edwards' filing of his first petition for post-conviction relief, and the pertinent procedural history:

On June 28, 2017, [Edwards] timely filed a pro se PCRA petition, his first, alleging, inter alia, that his negotiated sentence was illegal; his plea counsel rendered ineffective assistance of counsel by negotiating a plea with an illegal sentence; and the trial court erred by modifying his

sentence without notice to [Edwards] or without [Edwards] being present. [Edwards] averred that the reduction in the sentence was the result of collusion between the trial court, the Commonwealth's attorney, and his plea counsel, and claims he did not know about the modification until February 2017. [Edwards] requested that the PCRA court vacate his plea and sentence.

The PCRA court appointed counsel to represent [Edwards]. Counsel filed a petition to withdraw accompanied by a no merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). [Edwards] filed a response objecting to counsel's petition to withdraw, which he later supplemented with permission of the PCRA court. [Edwards] also filed pro se a petition to amend his PCRA petition along with an amended PCRA petition. In the amended PCRA petition, [Edwards], inter alia, averred that the plea colloquy was defective because it did not inform him of the maximum sentence he was facing, causing him to enter an unknowing plea. He also averred that his plea counsel did not inform him of the maximum sentence for a second-degree felony, and this failure, in addition to plea counsel's failure to object to the plea colloquy, constituted ineffective assistance of counsel.

The PCRA court issued an initial and then amended notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, concluding that (1) the plea colloquy satisfied the requirements of Pa.R.Crim.P. 590; (2) [Edwards] was sentenced to an illegal sentence in excess of the statutory maximum, but the trial court properly corrected the sentence within the timelines set forth in 42 Pa.C.S. § 5505; (3) plea counsel was ineffective for allowing [Edwards] to plead guilty to an illegal sentence, but [Edwards] [was] not entitled to relief because his sentence ultimately was reduced; therefore, he [had] not suffered prejudice by counsel's ineffective representation; and (4) despite plea counsel's ineffectiveness, [Edwards] entered a knowing and voluntary plea because the plea colloquy and guilty plea petition were satisfactory.

Edwards, memorandum opinion at 2-5 (citations to record and footnotes omitted). Edwards did not file a response. By order entered December 11, 2017, the PCRA court dismissed Edwards' first PCRA petition and granted counsel's petition to withdraw. Id. at 5.

Edwards filed a timely appeal to this Court in which he challenged each of the PCRA court's conclusions. On August 27, 2018, we rejected Edwards' claims, and, therefore, affirmed the denial of post-conviction relief. Edwards, supra. Edwards did not seek further review.

On April 5, 2019, Edwards filed the pro se PCRA petition at issue, his second. On April 15, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss the petition because it was untimely, and Edwards failed to prove an exception to the PCRA's time bar. Edwards filed a response. By order entered May 13, 2019, the PCRA court dismissed Edwards' petition. This appeal followed. Both Edwards and the PCRA Court have complied with Pa.R.A.P. 1925.

Edwards now raises the following issues on appeal:

1. Is trial counsel required by the Pennsylvania and United States Constitution and by an ethical standard of legal representation [] to file an appeal on behalf of [Edwards] when [he] specifically requested that an appeal be filed?

2. Did the [trial court interfere] and obstruct [Edwards'] right to appeal by [its] failure to properly apprise [Edwards] of the appealable amended sentence[?]

Edwards' Brief at 3 (excess capitalization omitted). Before addressing the issues Edwards raises on appeal, we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Barndt, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. Commonwealth v. Furgess, 149 A.3d 90 (Pa. Super. 2016).

Here, because Edwards did not file a direct appeal to this Court after he was resentenced on August 15, 2016, his judgment of sentence became final thirty days thereafter, or on September 14, 2016. See 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Edwards had to file his first and any subsequent PCRA petitions by September 14, 2017. Edwards filed his second PCRA petition on April 5, 2019. Thus, the second petition before us is patently untimely, unless Edwards has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. See Hernandez, supra.

Edwards has failed to plead and prove any exception to the PCRA's time bar. In his second PCRA petition, Edwards asserted that prior counsel failed to file a direct appeal even though he requested one following his original sentencing. Edwards further claimed that neither the trial court nor prior

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

counsel informed him of the amended sentence. Our case law is clear, however, that claims of ineffective assistance of counsel cannot establish an exception to the PCRA's time bar. See, e.g., Commonwealth v. Edmiston, 65 A.3d 339, 349 (Pa. 2013) (explaining that allegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA). Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Edwards' second PCRA petition.[2] We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2020

_____

[2] We further agree with the PCRA court that Edwards' claim regarding the failure to appeal his original sentence is waived under the PCRA because Edwards could have raised the claim in his first petition. See PCRA Court's Rule 907 Notice, 4/15/19, at 5-6; 42 Pa.C.S.A. § 9544(b).